Birchard, J.,
dissenting. The deed of a minor is universally *159 held voidable, not absolutely void. Infancy is a personal privilege, and can be taken advantage of only by the infant after arriving at years of maturity. He must do some act in avoidance of his deed, before the person occupying lands as the rightful owner, having entered under the deed, can be put in the wrong, and proceeded against a's a trespasser. «This position is not denied. It is admitted. Cresinger, and those under whom he claimed, had held and improved the land in their own right, as lawful owners, under the deed of the Luptons, executed during minority; and no act or movement had been made by them to disaffirm the deed, for near ten years. Welch, ^seeking to speculate, then applied to them for the purchase of a lawsuit; and they executed to him a quitclaim deed. By this decision now made, that act of putting their hands and seals to, and acknowledging the instrument before a magistrate in Baltimore, works the wondrous effect' of changing the rightful possession of him who was the legal owner one moment before, into a tortious act, for which this court will maintain the action of trespass and ejectment. I can not believe that such is the law. Bool v. Mix, 17 Wend. 132, is expressly against it; and in my judgment is a decision that will bear the strictest scrutiny, and be found sustained both by principle and authority. I refer to that ease as a full exposition of my views upon the point wherein I differ from the other members of the court. It seems to me that their opinion makes the minor’s deed, in substance, an absolute nullity; contrary to the admitted rule which I have firstly above stated. That it is at war with the second rule which I have stated, inasmuch as it permits other persons than the minor to take advantage of his minority; and that it is against good policy, inasmuch as it must tend to encourage a species of speculation that should be invariably discouraged, and which disturbs the peace of community.